696 N.W.2d 684 (2005)
472 Mich. 904
Donald E. TATE, Plaintiff-Appellee,
v.
BOTSFORD GENERAL HOSPITAL, Defendant-Appellant.
Docket No. 126603, COA No. 245081
Supreme Court of Michigan.
May 26, 2005.
On order of the Court, the application for leave to appeal the April 29, 2004, judgment of the Court of Appeals is considered *685 and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REINSTATE the order of the Oakland Circuit Court. There was no question of fact regarding plaintiff's competence to refuse treatment because plaintiff failed to respond to the summary disposition motion by setting forth "specific facts" that properly refuted the doctor's testimony that she was responding to a life-threatening emergency situation and that, because of the drug reaction, plaintiff would not have been sufficiently alert or mentally competent to refuse treatment. MCR 2.116(G)(4). Plaintiff's unsworn statements were not notarized and did not affirmatively show that the witnesses, if sworn as witnesses, could testify competently to the facts stated in the statements. MCR 2.119(B)(1)(c). Further, neither of plaintiff's statements was from an expert as was needed here, given that the diagnosis of a medical emergency requires expert opinion.
MICHAEL F. CAVANAGH, J., dissents and states as follows:
Plaintiff claims that defendant hospital falsely imprisoned him when its emergency department staff physically restrained him in response to his request to leave and go to another hospital. Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that the emergency room physician had a right and duty to provide medical care because an emergency situation developed as a result of plaintiff's allergic reaction to the drug Compazine. In support of its motion, defendant included the affidavit of the emergency room physician, plaintiff's medical record, which detailed what defendant alleged was a life-threatening emergency, and plaintiff's signed authorization for emergency services. Plaintiff's response to defendant's motion for summary disposition was supported by two documents.
The trial court granted defendant's motion for summary disposition, concluding that the emergency room physician had a legal right to restrain plaintiff in light of the allergic reaction. The Court of Appeals reversed, holding that a question of fact exists regarding whether plaintiff was competent to refuse treatment. Unpublished opinion per curiam of the Court of Appeals, issued April 29, 2004 2004 WL 915030 (Docket No. 245081). Because I believe that the Court of Appeals reached the right result, I would simply deny leave to appeal. Accordingly, I must respectfully dissent.
The grant or denial of summary disposition is reviewed de novo. Morales v. Auto-Owners Ins. Co., 458 Mich. 288, 294, 582 N.W.2d 776 (1998). Summary disposition based on a motion brought under MCR 2.116(C)(10) may be granted if the moving party is entitled to judgment as a matter of law and there is no genuine issue of material fact. Id. A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds may differ. West v. Gen. Motors Corp., 469 Mich. 177, 183, 665 N.W.2d 468 (2003). Further, this Court must "consider the pleadings, affidavits, depositions, admissions, and any other evidence in favor of the party opposing the motion, and grant the benefit of any reasonable doubt to the opposing party." Radtke v. Everett, 442 Mich. 368, 374, 501 N.W.2d 155 (1993). In viewing the documentary evidence in the light most favorable to plaintiff, the opposing party, I would conclude that there is a genuine issue of material fact regarding when plaintiff requested to leave.
Again, in support of its motion for summary disposition, defendant averred that there was a life-threatening medical emergency caused by the reaction to the Compazine, *686 that the use of restraints then became medically necessary to preserve plaintiff's life because plaintiff became dystonic as a result of the Compazine, and that plaintiff's competency was compromised because of the allergic reaction to the Compazine. In opposition to defendant's motion for summary disposition, plaintiff submitted his own affidavit and testified as follows:
I further contends[sic] that after I was taken into the emergency ward, I allowed my pulse to be taken and a blood sample to be drawn, but I strongly questioned the treating doctors [sic] competency and her motive when she inserted an IV tube in my arm as I had been medically treated several times in the past [for] stomach up[set] where I was successfully treated with a simple oral medication that alleviated the problem.
Plaintiff further testified:
When I then [went] to get up off the gurney and announced that I was going over to Beaumont General Hospital, the treating [doctor] called over a security guard accompanied by two hospital orderlies that intimidated me from leaving. I then announced that I was going to call the police and the treating doctor then indicated the security guard was the police.
As I again attempted to get off the gurney and leave, the treating doctor had my wrist tied to the gurney so that I was totally immobilized and could not move from the gurney.
It is at this point that plaintiff claims he was falsely imprisoned. Moreover, plaintiff avers that he was fully competent and was not in an emergency state at this point. Plaintiff goes on to testify:
It was only after I was tied down and the IV tube reinserted and drugs poured into me that I suffered any bad reaction that consisted of keeping me in an extreme drowsy state the rest of my imprisonment in the defendant hospital. [Emphasis added.]
In my view, plaintiff presented sufficient evidence to withstand the motion for summary disposition because there is a genuine issue of material fact whether plaintiff was detained before the alleged emergency situation developed. Defendant claims that plaintiff became agitated after the administration of the Compazine and attempted to leave after the medical emergency unfolded. On the other hand, plaintiff claims that he requested to leave, and was subsequently restrained, before he was administered the Compazinei.e., before he suffered a reaction and the alleged medical emergency occurred. Giving the benefit of reasonable doubt to plaintiff, I would conclude that the grant of summary disposition in defendant's favor was improper because a genuine issue of material fact remains. Moreover, by defendant's own account, expert testimony would not be necessary if plaintiff requested to leave, and was thereafter restrained, before the alleged emergency developed.
In sum, I would conclude that plaintiff set forth "specific facts" to refute defendant's allegation that the physician was entitled to physically restrain plaintiff after he suffered an alleged allergic reaction to Compazine. Because a genuine issue of material fact is presented and the Court of Appeals reached the right result, I would simply deny leave to appeal. Thus, I must respectfully dissent.
WEAVER and MARILYN J. KELLY, JJ., join the statement of MICHAEL F. CAVANAGH, J.