*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHEILA GRAY,

      Plaintiff-Appellant,

v

RED LOBSTER HOSPITALITY, LLC,

      Defendant-Appellee.

UNPUBLISHED
July 14, 2022

No. 357165
Oakland Circuit Court
LC No. 2019-176180-NO

Before: MARKEY, P.J., and SHAPIRO and PATEL, JJ.

PER CURIAM.

Plaintiff, Sheila Gray, slipped and fell on a "greasy, oily" substance on the floor of a Red Lobster restaurant. Gray was injured as a result of the fall and sued the store's owner, defendant Red Lobster Hospitality, LLC. The trial court granted summary disposition to Red Lobster pursuant to MCR 2.116(C)(10), concluding that Gray failed to establish a question of fact whether Red Lobster had notice of the hazardous condition. Because we find that there was a question of fact whether Red Lobster had notice of the substance and whether reasonable precautions were taken, we reverse and remand for further proceedings.

## I. BACKGROUND

On the date of the incident, Gray was dining at a Red Lobster restaurant in Novi, Michigan. After eating a portion of her meal, she left her seat to use the restroom. Gray testified that, as she "stepped off the carpet onto the cement floor," she felt a slipping sensation. She immediately fell backwards onto the floor. She injured her head, back, and upper extremities in the fall.

Gray claimed that there "had to have been some kind of oily substance" on the floor because when she was trying to stand up, it felt "greasy, oily " and she had difficulty getting up. She did not see a substance on the floor but felt it with her hands as she tried to get up. She did not know how the substance got on the floor, nor did she know how long the substance had been on the floor. Gray briefly exited the restaurant after the fall, but reentered to gather her belongings and use the restroom. Upon reentry, she walked to the restroom. She observed an unattended mop bucket near the area where she fell. She did not see anyone clean the floor. She could not recall if

-1-

any caution signs were present. But there were no caution signs in the photograph that she took of the area:



The hostess informed the restaurant manager that a customer had slipped and fell in front of the restroom doors. The manager conceded that there "may have been a wet substance" on the floor when she first observed it after the fall, stating that the hostess was "working on cleaning the floor" at the time.

At the manager's request, the hostess wrote out a statement regarding the incident:

> To whom this may concern: On Sept 25, 2018, A customer coming out of Restroom informed me that floor in hallway by bathrooms was slippery. I then right away put down 4 caution wet floor signs 2 in hall 1 by Ladies Room and 1 by men's Room and 1 ladies Room and 1 in men's Room. Then proceeded to dry off floor. A little more before I could complete The [sic] drying of floor I was informed that a customer had a slip and fall. I then Imeditaly [sic] got a manager.

Gray sued Red Lobster for negligence. Red Lobster moved for summary disposition, arguing that there was no evidence of active negligence or notice of the condition. The trial court agreed and granted summary disposition to Red Lobster pursuant to MCR 2.116(C)(10). This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews "de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Woodring v Phoenix Ins Co,* 325 Mich App 108, 113; 923 NW2d 607 (2018). Summary disposition under MCR 2.116(C)(10) is only appropriate when there is no genuine issue of material fact. *El-Khalil*, 504 Mich at 160. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013).

## III. ANALYSIS

Gray argues that the trial court erred in granting summary disposition because there is a question of fact whether Red Lobster had knowledge of the "greasy, oily" substance and breached its duty owed to Gray. We agree.

It is undisputed that Gray was an invitee of Red Lobster at the time of the injury. Red Lobster owed Gray a duty of reasonable care to protect her from unreasonable risks of harm posed by dangerous conditions on the premises. *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). This duty of care arises when a premises possessor has actual or constructive notice of the dangerous condition. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016). Constructive notice is present when the condition "was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have discovered it." *Id*. at 11-12. The duty of care is breached when a premises possessor had notice of the dangerous condition "of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Id.* at 8 (quotation marks and citation omitted).

The trial court concluded that the hostess's unsworn statement was "not evidence that the condition was of such a character or existed a sufficient length of time that [Red Lobster] should have had knowledge of it." We disagree. The hostess's unsworn statement establishes a question of fact whether Red Lobster had actual notice of the slippery condition of the floor before Gray fell. The hostess was informed that the floor in the hallway by the restrooms was "slippery." The hostess maintained that she "right away" placed four "caution wet floor signs" and "proceeded to dry off [the] floor." But before she finished, she "was informed that a customer had a slip and fall." Viewing this unsworn statement in the light most favorable to Gray, reasonable minds could conclude that Red Lobster had actual notice of the dangerous condition before Gray fell. While a motion for summary disposition must be supported by substantively admissible evidence, that evidence "does not have to be in admissible form." *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 373; 775 NW2d 618 (2009); see also *Maiden v Rozwood*, 461 Mich 109, 123–124; 597 NW2d 817 (1999). MCR 2.116(G)(6) provides that admissions and documentary evidence submitted in support of or in opposition to a motion for summary disposition "shall only be considered to the extent that *the content or substance* would be admissible as evidence to establish or deny the grounds stated in the motion." (Emphasis added.) "Although the trial court may only consider substantively admissible evidence, a party does 'not have to lay the foundation for the admission' for evidence submitted in support of or in opposition to a motion for summary disposition under MCR 2.116(C)(10) 'as long as there [is] a plausible

basis for the admission' of the evidence." *Airgas Specialty Prod v Mich Occupational Safety & Health Admin*, __ Mich App __; __ NW2d __ (2021) (Docket No. 351105) (alteration in original), slip op at 18, quoting *Barnard Mfg*, 285 Mich App at 373. The hostess could testify at trial as to the substance of her unsworn statement. That evidence would be admissible.[1]

The dissent's challenge to the consideration of Wyatt's statement focuses on form rather than substance. The dissent does not identify a basis to doubt that a proper foundation could be laid for the admission of Wyatt's statement as a record of regularly conducted activity under MRE 803(6) or the statement of a party opponent under MRE 801(d)(2). In fact, the dissent recognizes that Wyatt's description of her own actions is not hearsay and concedes that the content and substance of Wyatt's statement would be admissible. But the dissent maintains that unsworn statements or averments are insufficient to create a genuine issue of material fact. None of the decisions cited by the dissent reference *Maiden*, *Barnard Mfg Co,* or MCR 2.116(G)(6). Notably, MCR 2.116 was amended effective January 1, 2001, to add MCR 2.116(G)(6) in direct response to our Supreme Court's decision in *Maiden* and specifies that materials submitted in support of or in opposition to a summary disposition motion may only be considered to the extent that their *content or substance* would be admissible. See MCR 2.116, 463 Mich clvi (staff comment).

The dissent cites *Marlo Beauty Supply, Inc v Farmers Ins Group of Cos*, 227 Mich App 309, 321; 575 NW2d 324 (1998), wherein a panel of this Court concluded that the trial court erred in relying on an unsworn opinion letter submitted by the *moving* party to resolve a question of fact and grant summary disposition. In reaching this conclusion, the *Marlo Beauty Supply* Court stated that "[o]pinions, conclusionary denials, unsworn averments, and inadmissible hearsay do not satisfy the court rule; disputed fact, or the lack of it, must be established by admissible evidence." *Marlo Beauty Supply*, 227 Mich App at 321. But *Marlo Beauty Supply* was decided before *Maiden*, which clarified that a "reviewing court should evaluate a motion for summary disposition under MCR 2.116(C)(10) by considering the *substantively admissible evidence.*" *Maiden*, 461 Mich at 121 (emphasis added). This standard was incorporated into the court rule with the addition of MCR 2.116(G)(6) and expounded upon by this Court in *Barnard Mfg Co*. "[A]lthough the evidence must be substantively admissible, it does not have to be admissible in form." *Barnard Mfg Co,* 285 Mich App at 373. For the same reasons, we are not persuaded by the dissent's citation to *Groman v American Honda Motor Co, Inc*, 302 Mich App 113, 120; 839 NW2d 223 (2013) and *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 33; 772 NW2d 801 (2009) because neither of these decisions mention *Maiden, Barnard Mfg Co*, or MCR 2.116(G)(6). Likewise, the dissent's

---

[1] The written statement by defendant's employee describing the events and her personal observations are not hearsay. MRE 801(d)(2) provides that "a statement authorized by the party to make a statement concerning the subject" is not hearsay. It further provides that a statement "by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship" is not hearsay. See *Adama v Doehler-Jarvis, Div of NL Indus, Inc*, 419 Mich 905; 353 NW2d 438 (1984); *McCallum v Dep't of Corr*, 197 Mich App 589, 598; 496 NW2d 361 (1992). Further, MRE 803(6) permits admission of business records so long as the record was prepared by a person who had a duty to do so, a requirement met here because the employee's statement was written on request of her supervisor.

reliance on *Tate v Botsford General Hosp*, 472 Mich 904 (2005) is misplaced because, unlike this case, the plaintiff in *Tate* presented evidence that was not substantively admissible. Conversely, the dissent concedes that the content and substance of Wyatt's statement would be admissible in this case.

Because the trial court concluded that there was no evidence that Red Lobster had notice of the dangerous condition, it did not address breach. Reviewing the matter de novo, we find that there is a genuine issue of material fact whether Red Lobster breached its duty owed to Gray. The hostess claimed that she placed several "caution wet floor" signs in the area outside the restroom and had started to dry the floor before Gray fell. Gray could not recall if she observed any caution signs in the area where she fell. But the photograph taken shortly after her fall does not reflect that any caution signs were placed. Viewing the evidence in the light most favorable to Gray, reasonable minds could conclude that Red Lobster failed to take adequate precautions to protect its patrons from the dangerous condition presented by the "greasy, oily" floor.

## IV. CONCLUSION

The trial court erred in finding that there was no evidence that Red Lobster had notice of the dangerous condition before Gray fell. And although the trial court did not address breach, we conclude that there is a genuine issue of material fact whether Red Lobster breached its duty owed to Gray. Accordingly, the trial court erred in granting summary disposition for Red Lobster. We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Sima G. Patel