*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHEILA GRAY,

      Plaintiff-Appellant,

v

RED LOBSTER HOSPITALITY, LLC,

      Defendant-Appellee.

UNPUBLISHED
July 14, 2022

No. 357165
Oakland Circuit Court
LC No. 2019-176180-NO

Before: MARKEY, P.J., and SHAPIRO and PATEL, JJ.

MARKEY, P.J. (*dissenting*).

I conclude that the trial court did not err in any respect by granting summary disposition in favor of defendant, Red Lobster Hospitality, LLC, in this premises liability action pursued by plaintiff, Sheila Gray. Consequently, I dissent.

Although I agree with the majority's recitation of the standard of review and the principles governing premises liability claims, I am more than puzzled at their failure to properly apply and analyze them, in sharp contrast to the well-written and reasoned opinion of the trial court. In reversing the trial court's ruling, the majority relies on the unsworn statement of Red Lobster host Lorie Wyatt to conclude that a fact issue exists regarding whether Red Lobster had actual notice of the alleged hazard. Additionally, although the trial court did not reach the issue, my colleagues in the majority remarkably hold that a genuine issue of material fact exists regarding whether Red Lobster breached its duties to invitee Gray. If there is, indeed, an issue, it is neither genuine nor of a material fact as MCR 2.116(C)(10) requires. Wyatt's unsworn statement provided:

> To whom this may concern: On Sept 25, 2018, A customer coming out of Restroom informed me that floor in hallway by bathrooms was slippery. I then right away put down 4 caution wet floor signs 2 in hall 1 by Ladies Room and 1 by men's Room and 1 ladies Room and 1 in men's Room. Then proceeded to dry off floor. A little more before I could complete The [sic] drying of floor I was informed that a customer had a slip and fall. I then Imeditaly [sic] got a manager.

MCR 2.116(G)(6) provides that "[a]ffidavits, depositions, admissions, and documentary evidence offered in support of or in opposition to a motion based on subrule (C)(1)-(7) or (10)

-1-

shall only be considered to the extent that the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion." Evidence need not be in admissible form, but it must be admissible in content. *Maiden v Rozwood*, 461 Mich 109, 124 n 6; 597 NW2d 817 (1999). I agree that the content and substance of Wyatt's statement would be admissible were she to testify at trial in a manner consistent with her statement. Wyatt's description of her own actions is not hearsay and her reference to the assertion of any another customer about a slippery floor is also not hearsay because it would not be offered to prove the truth of the matter asserted but to demonstrate the effect of the assertion on the listener, here that they received and acted on notice. See MRE 801(c); *People v Gaines*, 306 Mich App 289, 306-307; 856 NW2d 222 (2014) ("An out-of-court statement introduced to show its effect on a listener, as opposed to proving the truth of the matter asserted, does not constitute hearsay under MRE 801(c).").

Nevertheless, this Court, in binding precedent, has observed that *unsworn* statements or averments are not sufficient to create a genuine issue of material fact when opposing a motion for summary disposition brought under MCR 2.116(C)(10). *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 120; 839 NW2d 223 (2013); *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 33; 772 NW2d 801 (2009) (unsworn report of forensic engineer did not create issue of fact); *Marlo Beauty Supply, Inc v Farmers Ins Group of Cos*, 227 Mich App 309, 321; 575 NW2d 324 (1998) ("The trial court erred in relying on this unsworn letter to resolve a disputed question of fact.").[1] Therefore, Wyatt's unsworn statement cannot establish a genuine issue of material fact on the element of notice.[2]

---

[1] In *Tate v Botsford Gen Hosp*, 472 Mich 904 (2005), our Supreme Court stated as follows in an order:

> There was no question of fact regarding plaintiff's competence to refuse treatment because plaintiff failed to respond to the summary disposition motion by setting forth "specific facts" that properly refuted the doctor's testimony that she was responding to a life-threatening emergency situation and that, because of the drug reaction, plaintiff would not have been sufficiently alert or mentally competent to refuse treatment. MCR 2.116(G)(4). Plaintiff's unsworn statements were not notarized and did not affirmatively show that the witnesses, if sworn as witnesses, could testify competently to the facts stated in the statements. MCR 2.119(B)(1)(c). . . . .

[2] I also note that Wyatt's statement is poorly written and confusing, especially when read out of context from other evidence, such that it does not adequately "set forth specific facts showing that there is a genuine issue for trial" regarding notice. MCR 2.116(G)(4). It is not even clear from the statement that Wyatt learned about or had notice of the slippery floor *before* Gray fell. She stated that after receiving notice and putting up wet-floor signs and before she completed drying the floor, she "was *informed* that a customer had a slip and fall." (Emphasis added.) Sequentially-speaking, Wyatt did not specifically state that the slip-and-fall indeed occurred after she became involved in the whole matter.

The majority rejects my position regarding unsworn statements, essentially contending that it is contrary to the language in MCR 2.116(G)(6), the Supreme Court's decision in *Maiden*, 461 Mich at 123-124, and this Court's ruling in *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 373; 775 NW2d 618 (2009). The majority states that my "challenge to the consideration of Wyatt's statement focuses on form rather than substance." I disagree.

Consistent with MCR 2.116(G)(6), *Maiden*, and *Barnard Mfg*, I have already acknowledged the principle that when examining a particular piece of evidence for purposes of MCR 2.116(C)(10), the substance and content of the evidence and not its form must be admissible. For example, even though an affidavit itself is generally not admissible at trial, the substance and content of an affidavit, if admissible, must be considered in evaluating a motion for summary disposition. *Maiden*, 461 Mich at 124 n 6. And requiring that an affidavit or another documentary statement setting forth particular facts regarding relevant events be signed and sworn simply concerns the verification of the substance and content; it does not pertain to the overall form of the document. Considering that a statement or averment of facts can result in a case going to full trial, requiring the statement or averment to be sworn is logical and in accord with discovery rules. Indeed, affidavits must be sworn, MCR 2.119(B)(1)(c), interrogatory answers must be sworn, MCR 2.309(B)(1), and testimony in depositions must be sworn, MCR 2.306(C)(1)(a). Had Wyatt made her assertions in an unsworn affidavit, it could not have been considered in ruling on the motion for summary disposition, *Rataj v Romulus*, 306 Mich App 735, 755; 858 NW2d 116 (2014), yet the majority accepts her scribbled written statement and uses it to send this case to trial. There is no indication that plaintiff attempted to depose Wyatt or attempted to serve interrogatories relative to her statement.

Noting that *Maiden* was decided in 1999 and that MCR 2.116(G)(6) was amended by the Supreme Court in 2001 to add the "content or substance" language, the majority calls into question the continuing validity of the proposition that a statement must be sworn to create an issue of fact. But a couple of the cases I cited above in support of my position, *Gorman*, 302 Mich App 113, and *Liparoto Constr*, 284 Mich App 25, along with a slew of consistent unpublished opinions, were decided long after *Maiden* was issued and the amendment was adopted. Contrary to the majority's suggestion, *Gorman* and *Liparoto Constr* cannot be rejected due to their failure to cite or recognize *Maiden* and MCR 2.116(G)(6). The requirement that a statement be sworn does not even implicate or undermine *Maiden* and MCR 2.116(G)(6). And once again, *Gorman* and *Liparoto Constr* constitute binding precedent. MCR 7.215(J)(1). Comparable to an affidavit, the fact that Wyatt's statement does not constitute hearsay and was made by a Red Lobster employee does not mean that it need not be sworn. As a final point, although the witness statements at issue in *Tate v Botsford Gen Hosp*, 472 Mich 904 (2005) (referenced in our footnote 1), were not substantively admissible, the Court *in addition* ruled that they could not be considered because they were unsworn.

Moreover, Gray's own deposition testimony, filings, and argument at oral argument were alternatingly either contradictory, ambiguous, or reflected lack of recall. Indeed, most of it constituted her general opinion based merely on the fact that she fell and that Red Lobster's employees were simply poor housekeepers, i.e., she felt they should mop/clean at some undefined interval, notwithstanding her lack of knowledge as to their cleaning schedule. But, ironically, all of her unclear testimony, etc., did easily establish that there was no genuine issue that Red Lobster

employees immediately attended to the area where she claimed to have fallen as Gray herself noted and proved with her testimony and her photo showing the cleaning bucket and mop in the area minutes after her fall. A fair reading of the statement provided by employee Wyatt is in complete accord with the other employee's testimony that they had no notice of any slippery area near the bathrooms until Gray advised them.

Furthermore, assuming for the sake of argument that Wyatt's written statement can be considered and creates a genuine issue of material fact with respect to whether Red Lobster had notice of the alleged hazard, I do not agree with the majority that the photograph is sufficient to create a genuine issue of material fact regarding whether Red Lobster breached its duties owed to Gray.[3] It does no such thing. Wyatt indicated in her statement that she placed cautionary wet-floor signs in the area of the restrooms immediately after being informed that the floor was slippery. Gray, therefore, needed to present evidence that there were no cautionary wet-floor signs in place at the time of the fall. She did not testify one way or the other on that specific question. And when asked whether she subsequently saw wet-floor signs when she returned to the area after first stepping outside the restaurant, Gray responded, "I don't remember." The photograph allegedly shows the area outside the restrooms upon Gray's return to the restaurant, *not at the time when she fell*. Gray could not recall how long she was outside Red Lobster before reentering and taking the photograph, but acknowledged it was quite brief. She went back to her food and to gather her belongings. She also said she returned again to the bathroom area and observed no problem with the floors. Moreover, assuming that the photograph depicted the area as it appeared earlier when the fall actually occurred, it is impossible to tell with any certainty that there were no wet-floor signs in the area, as opposed to one or more being present but outside camera range. Again, Gray claimed to either not recall if there were signs or that she may not have seen them.

In sum, as the trial court determined, Gray patently failed to meet her burden to establish a genuine issue of a material fact so as to counter Red Lobster's motion for summary disposition. I dissent and would affirm the trial court's ruling granting Red Lobster's motion for summary disposition.

/s/ Jane E. Markey

---

[3] Had I agreed with the majority on the issue of notice, I would not have agreed with its decision to substantively address the issue regarding whether there exists a factual issue concerning breach of care. Breach was not the focus of the lower court proceedings or appellate briefing, and thus the trial court would be the appropriate arbiter of that issue in the first instance.