*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT J. DOERR,

        Petitioner-Appellant,

v

DEPARTMENT OF TREASURY,

        Respondent-Appellee.

UNPUBLISHED
June 8, 2023

No. 358228
Tax Tribunal
LC No. 20-004152-TT

Before: O'BRIEN, P.J., and MURRAY and LETICA, JJ.

PER CURIAM.

Petitioner appeals as of right a final opinion and judgment of the Michigan Tax Tribunal (MTT), which affirmed respondent's denial of a principal residence exemption (PRE) for the subject property (the Lakeside property) for tax years 2017, 2018, and 2019. We affirm.

## I. BACKGROUND

Petitioner owns two residential properties in Kalamazoo, Michigan—the Lakeside property which is the subject of this dispute, and another property which we will refer to as the Old Colony property. Petitioner previously had a PRE for the Old Colony property, but he rescinded that PRE in 2017 following his purchase of the Lakeside property in September 2016.

Petitioner requested a PRE for the Lakeside property for 2017, 2018, and 2019. Respondent denied the PRE, however, finding that the Lakeside property was not petitioner's principal residence. Following this denial, the MTT held an informal conference, and the referee recommended that the PRE for the Lakeside property be denied. The referee's recommendation was adopted by the director of the Bureau of Tax Policy in a decision and order of determination.

Petitioner appealed to the Small Claims Division of the MTT. In response, and in support of its position that petitioner was not entitled to a PRE for the Lakeside property, respondent submitted petitioner's voter registration, driver's license, and vehicle registration records, all of which listed petitioner's address as the Old Colony property. In support of his position that he was entitled to a PRE for the Lakeside property, petitioner submitted various postmarked envelopes and billing statements for utilities, ambulance service, and taxes that were addressed to the

Lakeside property, a 2020 notice of assessment, a 2020 winter property tax statement, and a notice of forfeiture.

The MTT originally scheduled a telephone hearing for February 19, 2021, but, upon petitioner's request, the MTT rescheduled the hearing for May 6, 2021. On the day of the rescheduled hearing, petitioner submitted additional evidence of invoices for ambulance service, a letter from Consumers Energy stating that petitioner had utilities for the Lakeside property in his name beginning on September 9, 2016, and an unnotarized "Affidavit of Residence," in which petitioner's "next door neighbor" averred that petitioner and petitioner's wife resided at the Lakeside property since September 2016.[1]

Following the hearing, the MTT entered a final opinion and judgment in which it held that petitioner was not entitled to a PRE for the Lakeside property for the 2017, 2018, and 2019 tax years. In its summary of the evidence, the MTT did not include any of the documentary evidence that petitioner submitted on the date of the hearing, nor did the MTT reference that evidence at any point in its final opinion and judgment. Petitioner now appeals as of right.

## II. STANDARD OF REVIEW

This Court is limited in its review of a Tax Tribunal's decision. *Campbell v Dep't of Treasury*, 509 Mich 230, 237; 984 NW2d 13 (2022). "If fraud is not alleged, the MTT's decision is reviewed for misapplication of the law or adoption of a wrong principle." *Smith v Twp of Forester*, 323 Mich App 146, 149; 913 NW2d 662 (2018) (quotation marks and citation omitted). We will not disturb the tribunal's factual findings as long as they are supported by competent, material, and substantial evidence on the whole record. *Benedict v Dep't of Treasury*, 236 Mich App 559, 563; 601 NW2d 151 (1999).

Additionally, we review questions of law de novo. *Foster v Van Buren Co*, 332 Mich App 273, 280; 956 NW2d 554 (2020). This Court's primary goal in interpreting a statute is to ascertain and give effect to the intent of the Legislature as discerned from the plain meaning of the language in the statute. *Id*. at 280-281.

## III. ANALYSIS

Petitioner argues that the MTT erred by concluding that petitioner did not occupy the Lakeside property for the relevant tax years because it failed to properly justify its conclusion, and because it failed to consider an affidavit from petitioner's neighbor. Petitioner alternatively argues that if the MTT properly concluded that petitioner did not occupy the Lakeside property, it should have concluded that petitioner occupied the Old Colony property and granted a PRE for the Old Colony property for the relevant tax years. We disagree.

---

[1] Petitioner's brief on appeal states that the May 6, 2021 evidence was admitted during the hearing, but this is not clear from the Tax Tribunal Docket.

Michigan's PRE is governed by MCL 211.7cc and MCL 211.7dd. *Foster*, 332 Mich App at 281. The Legislature has declared that "[a] principal residence is exempt from the tax levied by a local school district for school operating purposes to the extent provided under . . . the revised school code . . . if an owner of that principal residence claims an exemption as provided in this section." MCL 211.7cc(1).[2] "In order to receive the exemption, a taxpayer must file an affidavit claiming the exemption." *Estate of Schubert v Dep't of Treasury*, 322 Mich App 439, 448; 912 NW2d 569 (2017).

A person claiming a PRE "must establish that he or she *owned and occupied* the property as a principal residence for each year that the exemption is claimed." *Id*. at 451 (emphasis added). In this case, there is no dispute that petitioner owned the Lakeside property—the issue is whether petitioner occupied the property as his principal residence for tax years 2017, 2018, and 2019. While neither MCL 211.7cc nor MCL 211.7dd defines the term "occupy," this Court explained in *Estate of Schubert*, 322 Mich App at 450, that "a person must dwell either permanently or continuously at a property to 'occupy' the property."

A petitioner bears the burden of proving his occupancy of a property as a principal residence. *Id*. at 454. A petitioner can meet this burden by presenting "evidence in the form of testimony or documentary evidence." *Id*. "[D]ocumentary evidence relevant to whether a person occupies the property as his or her principal residence can include utility bills, driver's licenses, tax documents, other documents showing the petitioner's address, and voter registration cards," but "[n]o single document is conclusive." *Id*. at 454-455.

Petitioner first argues that the MTT erred by not sufficiently justifying its conclusions and instead making mere conclusory statements. According to petitioner, the final opinion and judgment "broadly concludes that the [r]espondent's evidence is 'more persuasive' and that the [p]etitioner's evidence was 'unpersuasive.' " A simple review of the MTT's opinion makes clear that petitioner's characterization of that opinion is inaccurate. The MTT did not find respondent's evidence "more persuasive"; it concluded that petitioner's evidence was "not more persuasive than Respondent's" evidence, which is the relevant inquiry because petitioner bears the burden of proving that he is entitled to the PRE. See *Estate of Schubert*, 322 Mich App at 454. The MTT went on to explain in detail how it arrived at its conclusion. It noted that respondent submitted documentary evidence showing that "Petitioner did not identify the subject property as his residence on his driver's license, vehicle registration, or voter's registration for the tax years at issue," and that petitioner failed to refute both this evidence and respondent's reason for denying petitioner's PRE. The MTT then addressed the evidence that petitioner relied on in support of his argument that he was entitled to a PRE for the Lakeside property for the 2017, 2018, and 2019 tax years. It found that petitioner's billing statements for 2018 and 2019 were not conclusive; petitioner had failed to present any documentary evidence for 2017; and petitioner had failed to present any documentation like "tax returns, voter[] registration, driver's license, vehicle

---

[2] MCL 211.7cc has been amended several times since 2017; however, the quoted language has remained the same after each amendment. See 121 PA 2017; 133 PA 2018; 633 PA 2018; 96 PA 2020; 141 PA 2022.

registration." The MTT then surmised that petitioner needed to establish that he occupied the subject property to be entitled to a PRE, and that "Petitioner has not met his burden of proof in this exemption appeal." The MTT only needed to justify its conclusions enough to facilitate meaningful appellate review, see *New Covert Generating Co, LLC v Twp of Covert*, 334 Mich App 24, 74; 964 NW2d 378 (2020), which it clearly did.[3]

Petitioner also argues that the MTT erred by failing to consider an affidavit from petitioner's neighbor as evidence. We find no reversible error in this regard, however, because the affidavit in question was not notarized. "[A] document that is not notarized is not a 'valid affidavit.' " *Detroit Leasing Co v City of Detroit*, 269 Mich App 233, 236; 713 NW2d 269 (2005). See also *Wood v Bediako*, 272 Mich App 558, 562-563; 727 NW2d 654 (2006) ("To constitute a valid affidavit, a document must be (1) a written or printed declaration or statement of facts, (2) made voluntarily, and (3) confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation.") (Quotation marks and citation omitted.) A statement that is not notarized does "not affirmatively show that the witness[], if sworn as [a] witness[], could testify competently to the facts stated in the statement[]." *Tate v Botsford Gen Hosp*, 472 Mich 904, 904; 696 NW2d 684 (2005). In arguing for a different result, petitioner contends that the MTT "must acknowledge and consider" the unnotarized affidavit and explain why it "is not evidence that Petitioner resided in the Lakeside Drive Property since 2016." Yet petitioner has not provided any authority in support of his position that the MTT was required to consider the unnotarized affidavit as substantive evidence. "A party may not merely announce a position and leave it to this Court to discover and rationalize the basis for the party's claim." *Conlin v Scio Twp*, 262 Mich App 379, 384; 686 NW2d 16 (2004). Accordingly, we find no reversible error in the MTT's refusal to consider the unnotarized affidavit.

Lastly, petitioner argues that if the MTT properly denied petitioner's PRE for the Lakeside property, it should have granted petitioner a PRE for the Old Colony property. Petitioner contends that the MTT had authority to do so under MCL 205.732(b), which grants the MTT the power to "[o]rder[] the payment or refund of taxes in a matter over which it may acquire jurisdiction." According to petitioner, the MTT "may acquire jurisdiction over the Petitioner's PRE claim," regardless "of whether or not it relates to the Lakeside Drive or Old Colony Property."

We reject petitioner's argument because it is completely removed from the requirements for receiving a PRE. To be entitled to a PRE, the owner of the residence must claim a PRE for that residence as provided in MCL 211.7cc, see MCL 211.7cc(1), which includes, among other things, filing an affidavit for the relevant tax year as provided in MCL 211.7cc(2), see *Estate of Schubert*, 322 Mich App at 448. As noted by the MTT, "[t]he grant of an exemption is a privilege and not a right." Petitioner's failure to follow the procedure in MCL 211.7cc for receiving a PRE for the Old Colony property precluded the MTT from granting petitioner the privilege of a PRE

---

[3] To the extent that statements made by petitioner on appeal could be construed as contesting the MTT's factual finding that petitioner did not occupy the Lakeside property for the tax years at issue, that finding was plainly supported by competent, material, and substantial evidence on the whole record. See *Benedict*, 236 Mich App at 563.

for that property. Accordingly, we find no error in the MTT's denial of petitioner's alternative request for relief.

In a footnote, petitioner contends that "this Court does have jurisdiction and should address due process issues within the Tribunal's proceedings," and he identifies these "due process issues" as "including the failures within the Tribunal's hearing process to note and address evidence presented, along with the improper framing of the alternate relief requested by Petitioner as one of 'equity[.]' "[4] Petitioner, however, provides no explanation for how either of these alleged defects in the proceedings before the MTT amounts to a due process violation. Without further elaboration, we are unable to substantively address petitioner's due process argument, regardless of whether we have jurisdiction to do so.[5] Accordingly, we conclude that petitioner has abandoned any due process argument on appeal. See *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015) (explaining that an appellant must sufficiently present an issue on appeal before this Court will address it).[6]

Affirmed.

/s/ Colleen A. O'Brien

---

[4] Contrary to petitioner's assertion, the MTT did not deny petitioner's alternative request for relief because it was one of equity. The MTT only mentioned that it does not have powers of equity in response to petitioner's argument that the MTT should use "common sense" to resolve petitioner's appeal. The MTT denied petitioner's request to grant petitioner a PRE for the Old Colony property because petitioner did not satisfy the "statutory requirements for an exemption." The MTT explained, "For the Tribunal to overlook necessary requirements would be to circumvent the Michigan statute and condone the misapplication and inaction by any property owner."

[5] In his reply brief, petitioner arguably elaborates on the factual basis for his due process argument, but he still fails to explain how—let alone cite caselaw to support that—the supposed problems he identifies with the proceedings before the MTT raise due process concerns.

[6] The only case that petitioner cites in support of his argument is *Howard v City of Detroit*, 40 F4th 417 (CA 6, 2022), but he cites this case to support his assertion that this Court has jurisdiction to address his due process arguments. Accepting this as true, the problem remains that petitioner has failed to sufficiently present a due process issue for us to address.